UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIKA FENYVESI,

    Plaintiff,

v.                                          Case No. 8:19-cv-3026-TPB-JSS

SUNCOAST MOTEL AND
APARTMENTS, INC.,

    Defendant.
_____/

## ORDER GRANTING "DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT"

This matter is before the Court on the "Defendant's Motion for Final Summary Judgment," filed on September 3, 2021. (Doc. 26). Plaintiff filed a response in opposition on September 22, 2021. (Doc. 30). Defendant filed a reply on October 5, 2021. (Doc. 35). On January 25, 2022, the Court held a hearing to address this and other matters. (Doc. 45). Upon review of the motion, response, reply, court file, and record, the Court finds as follows:

### Background

Defendant Suncoast Motel and Apartments, Inc. is a Florida-based company that owns a motel on Treasure Island, Florida. On August 3, 2019, Plaintiff Monika Fenyvesi, a German tourist, entered her room at the motel for the first time sometime around 7:00 pm. As she walked from the room onto the balcony, hoping to take a picture of a beautiful Florida sunset, she fell on the step down and sustained minor

injuries.[1] Plaintiff notified the hotel of the fall and was transported to the hospital. On December 10, 2019, Plaintiff filed suit in federal court, asserting a single claim for negligence.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

---

[1] The floor of the balcony is around seven inches lower than the floor of the hotel room. And there is a two-inch threshold at the bottom of the sliding glass door to the balcony. No warning signs related to the step-down were placed in the room, and the sun was shining toward the room.

Defendant seeks summary judgment, arguing that it did not breach any legal duty to Plaintiff. Businesses, like Defendant, owe an invitee two duties: "(1) to use reasonable care in maintaining the premises in a reasonably safe condition and (2) to give the invitee warning of concealed perils which are or should be known to the property owner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care."[2] .*Strickler v. Walmart, Inc.*, 2:18-cv-781-FtM-38MRM, 2020 WL 2308306, at *6 (M.D. Fla. May 9, 2020) (quoting *Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 957 (11th Cir. 2014)). Some "conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability." *Id.* (quoting *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012)). Generally, as a matter of law, uneven floors – even with poor lighting – are obvious and not inherently dangerous conditions. *Middleton v. Don Asher & Assoc., Inc.*, 262 So. 3d 870, 872 (Fla. 5th DCA 2019) (collecting cases); *White v. W.G. Parcel V. LLC*, No. 6:15-cv-867-Orl-22KRS, 2016 WL 9525667, at *4 (M.D. Fla. Nov. 29, 2016) (same).

In this case, the seven-inch step-down from the room to the balcony constitutes an open and obvious condition that requires no warning. *See, e.g., Schoen v. Gilber*, 436 So. 2d 75, 76 (Fla. 1983) (holding a six-inch drop between a foyer and living room was not an inherently dangerous condition). After all, "[no invitee] can assume that the floors of all rooms in the same story have the same level, blindly travel on the presumption, disregard his own safety, stumble, fall, and recover." *Id.* Although there are some exceptions to the general rule pertaining to open and obvious conditions,

---

[2] Plaintiff contends that Defendant has failed to warn of a dangerous condition.

including where an optical illusion or an uncommon design exists, no such exception applies here. *See Sanford Omni Hotels Mgmt. Corp.*, 762 F. App'x 818, 822 (11th Cir. 2019). The cases cited by Plaintiff are distinguishable on the facts. As a matter of law, Defendant did not owe Plaintiff a duty to warn her of the balcony step-down. The motion for summary judgment is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's "Motion for Final Summary Judgment" (Doc. 26) is hereby **GRANTED**.

(2) The Clerk of Court is directed to enter final judgment in favor of Defendant Suncoast Motel and Apartments, Inc., and against Plaintiff Monika Fenyvesi.

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**