UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIKA FENYVESI,

    Plaintiff,

v.                                                    Case No: 8:19-cv-3026-TPB-JSS

SUNCOAST MOTEL AND
APARTMENTS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Defendant's Motion to Tax Costs ("Motion") (Dkt. 51) and Plaintiff's Response in Opposition (Dkt. 52). Upon consideration and for the reasons that follow, the undersigned recommends that the Motion be denied without prejudice.

## BACKGROUND

In this diversity action, Plaintiff Monika Fenyesi asserted a claim for negligence against Defendant Suncoast Motel and Apartments, Inc. (Dkt. 1.) On February 2, 2022, the court granted Defendant's motion for summary judgment and directed the clerk to enter judgment in favor of Defendant against Plaintiff. (Dkt. 45.) The clerk entered final judgment the following day. (Dkt. 46.) On February 14, 2022, Plaintiff filed a notice of appeal of the district court's order and the final judgment. (Dkt. 47.)

In this Motion, Defendant seeks to recover its costs incurred in defense of Plaintiff's claims as the prevailing party. (Dkt. 51.) Defendant seeks costs in the amount of $13,702.34. Defendant does not include invoices or an itemization of this amount and states that in compliance with Middle District of Florida Local Rule 7.01, Defendant only seeks an order finding entitlement to costs on this Motion. (Dkt. 51 at 3 n.1.) Defendant did not file a proposed Bill of Costs.

Plaintiff opposes the Motion. (Dkt. 52.) Plaintiff contends that Defendant failed to follow the proper procedure under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Plaintiff further argues that Defendant is not entitled to attorneys' fees or costs. (*Id.*)

## APPLICABLE STANDARDS

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorneys' fees and costs after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the Court has discretion to deny a motion for fees and costs without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ.

Case 8:19-cv-03026-TPB-J_S   Document 55   Filed 05/11/22   Page 3 of 5 PageID 1189

P. 54(d) advisory committee's note to 1993 amendment (providing that"[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also Rafferty v. Denny's Inc.*, No. 1:19-cv-24706-DLG, 2020 WL 9048743, at *1 (S.D. Fla. Nov. 2, 2020); *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FTM-38CM, 2019 WL 8370780, at *1 (M.D. Fla. July 10, 2019); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014); *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013).

## ANALYSIS

Rather than resolving the Motion during the pendency of the appeal, the ends of justice would be better served by denying the Motion without prejudice and with leave to re-file after the conclusion of the appeal. *See Thorkelson v. Marceno*, No. 2:19-cv-263-FTM-38MRM, 2020 WL 7264564, at *1 (M.D. Fla. Nov. 24, 2020), *report and recommendation adopted,* No. 2:19-cv-263-FTM-38MRM, 2020 WL 7260780 (M.D. Fla. Dec. 10, 2020) ("In light of the pending appeal and to conserve judicial resources, the Undersigned recommends that Defendants' Motion to Tax Costs be denied without prejudice at this time."); *Hess v. Coca-Cola Refreshments USA, Inc*, No. 8:13-cv-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan. 8, 2016) ("Immediate resolution of the collateral issues of taxable costs and attorneys' fees and costs is unlikely to assist

the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation.").

Immediate resolution of the Motion is unwarranted given the procedural posture of the case. *See U.S. ex rel. Ragghianti Foundations III, LLC v. Peter R. Brown Const., Inc.*, No. 8:12-cv-942-T-33MAP, 2014 WL 5307490, at *1 (M.D. Fla. Oct. 16, 2014) ("Resolving [Defendant's] Motion and Proposed Bill of Costs while the present appeal remains pending would require the Court to engage in piecemeal adjudication of costs, as the Court would be asked to repeat the procedure following the appeal."); *Democratic Republic of the Congo v. Air Cap. Grp., LLC*, No. 12-20607-civ, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014).

Plaintiff contends that the court should deny Defendant's Motion for failure to comply with Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) provides that the "clerk may tax costs on 14 days' notice" and "the court may review the clerk's action" after a "motion served within the next 7 days." Fed. R. Civ. P. (d)(1). Taxable costs are enumerated in 28 U.S.C. § 1920. For non-taxable expenses, Middle District of Florida Local Rule 7.01 sets forth a bifurcated procedure requiring first a motion seeking entitlement, followed by a supplemental motion on amount. It is unclear whether Defendant seeks taxable costs, non-taxable expenses, or both. In any event, the Motion was filed within fourteen days of entry of judgment and appears to comply in good faith with Middle District of Florida Local Rule 7.01. Further, there is no prejudice to Plaintiff. Accordingly, the undersigned finds that Defendant should be permitted to file a proposed bill of costs, if applicable, in accordance with the court's

directive. *See Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1273 (M.D. Fla. 2019) (collecting cases to conclude that a prevailing party may amend its proposed bill of costs after expiration of the original time to file to correct a technical deficiency).

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Tax Costs (Dkt. 51) be **DENIED** without prejudice and with leave to re-file the motion, a proposed bill of costs, or both, within thirty days of the entry of a mandate by the Eleventh Circuit Court of Appeals on Plaintiff's pending appeal.

**IT IS SO REPORTED** in Tampa, Florida, on May 11, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record