UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIKA FENYVESI,

    Plaintiff,

v.                                                          Case No: 8:19-cv-3026-TPB-JSS

SUNCOAST MOTEL AND
APARTMENTS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Suncoast Motel and Apartments, Inc. moves to tax costs against Plaintiff pursuant to Federal Rule of Civil Procedure 54. (Motion, Dkt. 62.) In support, Defendant submits a bill of costs, a declaration from its attorney, and invoices documenting the costs. (Dkts. 62-1, 62-2.) For the reasons that follow, the undersigned recommends that the Motion be construed as a verified bill of costs and referred to the Clerk for further action in accordance with Rule 54.

### BACKGROUND

In this diversity action, Plaintiff asserted a claim for negligence against Defendant. (Dkt. 1.) On February 2, 2022, the court granted Defendant's motion for summary judgment and directed the Clerk to enter judgment in favor of Defendant against Plaintiff. (Dkt. 45.) The Clerk thereafter entered final judgment on February 3, 2022. (Dkt. 47.)

Defendant initially moved to tax costs against Plaintiff on February 17, 2022. (Dkt. 51.) The court denied Defendant's motion without prejudice, with leave to refile within thirty days of the entry of a mandate by the Eleventh Circuit on Plaintiff's then-pending appeal. (Dkt. 59.) On March 3, 2023, the Eleventh Circuit issued its mandate affirming this court's order granting Defendant summary judgment. (Dkt. 61.) Defendant thereafter timely filed the Motion. (Dkt. 62.)

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 further provides that the "clerk may tax costs on 14 days' notice[ and] [o]n motion served within the next 7 days, the court may review the clerk's action." *Id.* Thus, "[w]hile Section 1920 allows for the taxation of costs, the Clerk must initially tax costs." *Lowe v. STME, LLC*, No. 8:18-cv-2667-T-33SPF, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1)); *see also Winnie v. Infectious Diseases Assocs., P.A.*, No. 8:15-cv-2727-T-35MAP, 2018 WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) ("Fed. R. Civ. P. 54(d)(1) makes plain the Clerk taxes initially."). "After costs have been fixed by the clerk, a motion may be made for the judicial review of the clerk's action." 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2679 (4th ed. 2023). If a party objects to the costs as taxed by the clerk, "the function of the court in the process of taxing costs is merely to review the

determination of the clerk [and] nothing normally can come before the court until the clerk has acted and an objection has been made." *Id.*

Upon consideration, the undersigned recommends that to comply with the proper procedure under Rule 54(d), Defendant's Motion be construed as a verified bill of costs and referred to the Clerk for further action. Once the Clerk taxes costs, the court may review the Clerk's action on a "motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1); *see, e.g.*, *Brooks v. Seadream Yacht Club, Inc.*, No. 8:21-cv-1583-SDM-JSS (M.D. Fla. May 31, 2023), ECF No. 86 (construing motion to tax costs as verified bill of costs and referring to clerk for further action); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2020 WL 10486248, at *1 (M.D. Fla. July 29, 2020) ("A 'motion to tax costs' runs counter to Rule 54(d)(1), insofar as a 'motion' is '[a] request for a court order.'"); *Amiel v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:17-cv-1896-T-SPF, 2019 WL 2552595, at *1 (M.D. Fla. Apr. 3, 2019) (Rule 54 "means that the proper procedure is for Defendant, as the prevailing party, to file a verified bill of costs with the Clerk."); *see also LaRavia v. Cerise*, 512 F. App'x 397, 398 (5th Cir. 2013) ("Federal Rule of Civil Procedure 54(d)(1) authorizes a court clerk to 'tax costs on 14 days' notice.' The district [court] 'may review the clerk's action' on 'motion served within the next 7 days.'"); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("By allowing the clerk to tax costs and the court to then review that taxation, Rule 54[] establishes a procedure permitting taxing of costs without involving the district court judge, while still allowing the judge to exercise his discretion if either party complains.").

Accordingly, it is **RECOMMENDED** that:

1. Defendant's Motion for Taxation of Costs (Dkt. 62) be construed as a bill of costs and referred to the Clerk for further action.

2. Upon action by the Clerk, Plaintiff may object and seek further relief within the period referenced in Rule 54(d)(1).

3. The Clerk be directed to terminate the Motion (Dkt. 62).

**IT IS SO REPORTED** in Tampa, Florida, on June 9, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record